IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| JEFFERY LAMONT POOL,        )<br>    Petitioner,        )<br>            )<br>v.        )<br>            )<br>RICK THALER, Director,        )<br>Texas Department of Criminal Justice,        )<br>Correctional Institutions Division,        )<br>    Respondent.        )| Civil No. 7:07-CV-102-O |

MEMORANDUM OPINION AND ORDER

ON THIS DATE, came on to be considered the papers and pleadings filed in this action, and the Court finds and orders as follows:

Petitioner seeks to challenge the validity of his Wichita County conviction for the offense of burglary of a habitation. Petition ¶¶ 1-6. Upon his plea of not guilty, Petitioner was tried by jury and found guilty. *Id.* His sentence, enhanced by two prior felony convictions, was assessed at fifty years in prison. *Id.; Ex parte Pool*, App. No. 38,789-05 at 39-40; *State v. Pool*, No. 39,940-A (30th Judicial District Court of Wichita County, Texas). Petitioner's conviction was affirmed by the Second Court of Appeals on August 31, 2005. *Pool v. State*, No. 2-03-521-CR (Tex. App. – Ft. Worth 2005, pet ref'd). On May 3, 2006, his petition for discretionary review was refused by the Texas Court of Criminal Appeals. *In re Pool*, PD-1797-05 (Tex. Crim. App. 2006). Petitioner filed one state habeas application attacking his conviction without success. *Ex parte Pool*, App. No. WR-38, 789-05 (Tex. Crim. App. 2007). Petitioner filed the instant case on July 6, 2007.

In his petition, Jeffery Lamont Pool presents three grounds for habeas relief. In his first ground, Petitioner claims he was denied effective assistance of trial counsel due to counsel's failure to conduct an independent investigation of potential witnesses, failure to pursue a motion for change of venue, and counsel's conflict of interest. In his second ground, Petitioner claims he was denied effective assistance of appellate counsel due to counsel's failure to challenge the legal and factual sufficiency of the evidence supporting Petitioner's conviction and failure to challenge the trial court's denial of Petitioner's motion to dismiss counsel. In his third ground, Petitioner claims he was denied his right to a fair trial because Judge Brotherton and the Wichita County District Attorney's office were prejudiced against him. Petition ¶¶ 20.A-C.

The AEDPA provides in relevant part that:

> (d)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause, a federal court may grant the writ of habeas corpus if the state court either arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). Under the "unreasonable application"

clause, a federal court may grant a writ of habeas corpus if the state court either unreasonably applies the correct legal rule to the facts of a particular case or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 407. The standard for determining whether a state court's application was unreasonable is an objective one and applies to all federal habeas corpus petitions which, like the instant case, were filed after April 24, 1996, provided that they were adjudicated on the merits in state court. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). In the context of habeas corpus, "adjudicated on the merits" is a term of art referring to a state court's disposition of a case on substantive rather than procedural grounds. *Green v. Johnson*, 116 F.3d 1115, 1121 (5th Cir. 1997).

Upon a finding of state court compliance with the "contrary to" clause of 28 U.S.C. § 2254(d)(1), federal courts give deference to the state court's findings unless such findings violate the "unreasonable application" clause of 28 U.S.C. § 2254(d)(2). *Chambers*, 218 F.3d at 363. The "unreasonable application" clause concerns only questions of fact. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). The resolution of factual issues by the state court is afforded a presumption of correctness and will not be disturbed unless the habeas petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Sumner v. Mata*, 449 U.S. 539, 550 (1981). Absent such evidence, the presumption of correctness is applied provided that the state court findings are evidenced in writing, issued after a hearing on the merits, and are fairly supported by the record. *E.g., Burden v. Zant*, 498 U.S. 433, 436-37 (1991); *Williams v. Scott*, 35 F.3d 159, 161 (5th Cir. 1994); 28 U.S.C. § 2254(d).

**I. Ineffective Assistance of Trial Counsel**

In his first ground for relief, Petitioner alleges that he was denied effective assistance of trial counsel due to counsel's failure to conduct an independent investigation of potential witnesses, failure to pursue a motion for change of venue, and counsel's conflict of interest. Petitioner's Memorandum Brief and Support of Argument at pp. 2-4 ("Petitioner's br. at p. ___.").

The Sixth Amendment of the United States Constitution guarantees a criminal defendant "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to obtain habeas relief on a claim of ineffective assistance of counsel, a petitioner must prove: (1) that his counsel's performance was deficient; and (2) that it prejudiced the petitioner. *Id.* To dispose of an ineffective assistance claim, a federal habeas court need not address both prongs of the *Strickland* standard. *Strickland*, 466 U.S. at 700; *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). Failure to establish either requirement necessarily defeats the claim. *Strickland*, 466 U.S. at 697; *Smith v. Puckett*, 907 F.2d 581, 584 (5th Cir. 1990).

In measuring whether counsel's representation was deficient, a petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997). "It is well settled that effective assistance is not equivalent to errorless counsel or counsel judged ineffective by hindsight." *Tijerina v. Estelle*, 692 F.2d 3, 7 (5th Cir. 1982). A court reviewing an ineffectiveness claim must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional competence or that, under the circumstances, the challenged action

might be considered sound trial strategy.  *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993); *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992).

In order to satisfy the second prong of the *Strickland* test, the petitioner must show that counsel's errors were so egregious as to deprive the defendant of a fair trial whose result is reliable.  *Strickland*, 466 U.S. at 687.  The test to establish whether there was prejudice is whether "there is a reasonable probability that, but for the counsel's unprofessional errors, the trial would have been different."  *Id.* at 694.  A reasonable probability is "probability sufficient to undermine confidence in the outcome."  *Id.*  It is not enough for a habeas petitioner to merely allege deficiencies on the part of counsel.  He must affirmatively plead the resulting prejudice in his habeas petition.  *Hill v. Lockhart*, 474 U.S. 52, 59-61 (1985); *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988).

### A. Failure to Conduct Independent Investigation of Facts and Potential Witnesses

Petitioner alleges that he was deprived of effective assistance of trial counsel because counsel failed to conduct his own investigation of the facts and to interview potential witnesses. Petitioner's br. at p.3-4.  When a habeas petitioner makes the claim of ineffective assistance of counsel due to failure to investigate, the petitioner must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989).  Petitioner alleges that an independent investigation of the facts by trial counsel would have allowed counsel to "advance the only plausible line of defense available" to Petitioner.  Petitioner's br. at p. 4.  However, Petitioner fails to state specifically what an independent investigation would have revealed, or to elaborate on what "the only plausible line of defense" was.  As a result, Petitioner's claim of

ineffective assistance of counsel for failure to conduct an independent investigation is a mere conclusory allegation and, as such, it must fail. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983).

For a claim of uncalled witnesses to be meritorious, a habeas petitioner must show: (1) the testimony of the uncalled witnesses would have been favorable to him, and (2) the uncalled witness would have so testified during the proceeding. *Alexander v. McCotter*, 775 F.2d 595, 605 (5th Cir. 1985). Further, "complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978); *accord Boyd v. Estelle*, 661 F.2d 388, 390 (5th Cir. 1981). Petitioner has failed to show how the testimony of any of the uncalled witnesses would have been favorable to him, or that any of the uncalled witnesses would have so testified. Petitioner alleges that it was essential to his defense that his counsel interview Debbie Foix, supposedly the only person who could confirm that Simon Caesar had worked at Austin Elementary School until midnight on the night of the burglary. Petitioner's Attachment to Item 20 at p. 3 (Petitioner's att. at __.) However, Petitioner fails demonstrate how this testimony would have helped his defense. Petitioner names several other potential witnesses, but again fails to demonstrate how testimony from them would have been favorable to him or that they would have actually testified. Petitioner's att. at 3. Petitioner's claims of ineffective assistance of trial counsel due to uncalled witnesses is also a conclusory allegation.

**B. Failure to Pursue a Motion for Change of Venue**

Petitioner next alleges that he was deprived of effective assistance of trial counsel because his counsel failed to file a motion for change of venue. Petitioner's att. at 4. For a motion for change of venue to be granted in a criminal case, a petitioner must show by written motion,

> "supported *by his own affidavit and the affidavit of at least two credible persons*, residents of the county where the prosecution is instituted, for either of the following causes, the truth and sufficiency of which the court shall determine: (1) that there exists in the county where the prosecution is commenced so great a prejudice against him that he cannot obtain a fair and impartial trial; and (2) that there is a dangerous combination against him instigated by influential persons, by reason of which he cannot expect a fair trial." Tex. Code Crim. Pro. § 31.03(a).

Petitioner has not provided any affidavits, either from himself or from credible citizens of Wichita County. Petitioner's failure to provide affidavits and failure to show that he could have even obtained affidavits from two credible citizens negates Petitioner's ineffective assistance of counsel claim as to failure to file a motion for change of venue. *See Horner v. State*, 129 S.W.3d 210, 216 (Tex. App. – Corpus Christi 2004, pet. ref'd).

**C. Conflict of Interest**

Petitioner finally alleges that he was denied effective assistance of trial counsel due to counsel's conflict of interest. Petitioner's br. at 2-3. Petitioner claims that trial counsel breached his duty of loyalty by failing to conduct an independent investigation, interview potential witnesses, and file a motion for change of venue. Petitioner's br. at 3. As discussed above, these allegations are without merit and, because they are without merit, they do not show that counsel had a conflict of interest. Petitioner also claims that counsel demonstrated his conflict of interest and sympathy for the prosecution when counsel urged Petitioner to accept the State's plea

agreement offer. Petitioner's att. at 1. However, if Petitioner had followed his counsel's advice and accepted the plea offer, he would have only been sentenced to ten years in prison as opposed to the fifty-year sentence assessed by the court. Trans. pg. 9. Urging Petitioner to accept the plea offer does not show that counsel had a conflict of interest, but to the contrary, that counsel was actually looking out for Petitioner's best interest. Petitioner's conflict of interest claims are, in total, conclusory allegations and as such they must fail.

Petitioner has failed to demonstrate that he was denied effective assistance of counsel at trial. Therefore, he is not entitled to habeas relief on this ground.

## II. Ineffective Assistance of Appellate Counsel

In his second ground for relief, Petitioner alleges that he was denied effective assistance of appellate counsel because counsel did not challenge the legal or factual sufficiency of the evidence or challenge the trial court's denial of Petitioner's request to dismiss his trial attorney. Petitioner's br. at 5-7.

A claim of ineffective assistance of appellate counsel is reviewed by applying the *Strickland* test as discussed above. Under *Strickland* Petitioner must prove: (1) that his appellate counsel's performance was deficient; and (2) that it prejudiced him. *Blanton v. Quarterman*, 543 F.3d 230, 243 (5th Cir. 2008) (cert. denied 2009 U.S. LEXIS 3568 (U.S. May 18, 2009)); *Strickland*, 466 U.S. at 687. Appellate counsel must be an "active advocate" for his client, but he "need not advance every argument, regardless of merit, urged by appellant." *Evitts v. Lucey*, 469 U.S. 387, 394 (1985). As such, appellate counsel may "exercise judgment in identifying the arguments [to] be advanced on appeal." *McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 438 (1988).

**A. Failure to Challenge Sufficiency of the Evidence**

Petitioner alleges that appellate counsel failed to challenge the legal or factual sufficiency of the evidence used to convict him during trial. Petitioner's br. at 5-7. When reviewing the legal sufficiency of the evidence, the court must determine if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Pilon v. Bordenkircher*, 444 U.S. 1, 2 (1979) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Such review is "highly deferential to the verdict," as the jury is the judge of the facts (*United States v. Elashyi*, 554 F.3d 480, 491 (5th Cir. 2008)) and it "is free to choose among all reasonable constructions of the evidence" (*United States v. Dean*, 59 F.3d 1479, 1484 (5th Cir. 1995)). The court's review is "limited to whether the jury's verdict was reasonable, not whether [the court] believes it to be correct." *United States v. Williams*, 264 F.3d 561, 576 (5th Cir. 2001). The review of the evidence is the same whether the evidence is direct or circumstantial. *Id.*

As Petitioner was on trial for burglary of a habitation, the jury was required to find one of the following beyond a reasonable doubt: that Petitioner (1) enter[ed] a habitation...with intent to commit a felony, theft, or an assault; or (2) remain[ed] concealed, with intent to commit a felony, theft, or an assault, in a building or habitation; or (3) enter[ed] a building or habitation and commit[ed] or attempt[ed] to commit a felony, theft, or an assault. Tex. Penal Code § 30.02(a).

Petitioner alleges the evidence was insufficient to convict him because Caesar was an accomplice witness whose testimony was uncorroborated and there was no other evidence on the record outside of Caesar's testimony that would support a conviction. Petitioner's br. at 6. However, Petitioner has not established that Caesar was actually an accomplice. "An

accomplice witness is someone who has participated with another before, during, or after the commission of a crime." *Villareal v. State*, 576 S.W.2d 51 (Tex. Cr. App. 1979). Also, an accomplice witness is one who can be prosecuted for the offense that the accused is being prosecuted for. *Id.* Mere presence at the scene of the offense does not compel the conclusion that the witness is an accomplice witness. *Kunkle v. State*, 771 S.W.2d 435, 439 (Tex. Crim. App. 1986); *Isham v. Collins*, 905 F.2d 67, 69 (5th Cir. 1990).

Second, even if Caesar was found to be an accomplice, while state law requires accomplice testimony to be corroborated, there is no such constitutional requirement. *Brown v. Collins*, 937 F.2d 175, 182 n.12 (5th Cir. 1991). "Accordingly, the prosecution's failure to satisfy the requirements of the accomplice-witness sufficiency rule, and a state court's failure to enforce that purely state rule, simply would not warrant constitutional attention." *Id.* In this case, the jury was instructed that if it found Caesar to be an accomplice witness, it could not rely on Caesar's testimony to convict Petitioner unless it found the testimony to be true beyond a reasonable doubt and there was other evidence pointing to Petitioner's guilt. Clerk's rec. at 109. Petitioner fails to address the fact that his own testimony connects him with the burglary. Petitioner admitted that: (1) he had Williams' keys on the day of the burglary, (2) the television was in his possession when the police stopped him and Caesar, (3) he lied to police about his identity and who owned the television, and (4) he asked friends and relatives to ask Williams to drop the charges against him. Trans. at 26-65. Given Petitioner's own testimony, a reasonable jury could find Petitioner guilty of burglary.

### B. Failure to Challenge Court's Denial of Motion to Dismiss Counsel

In his second allegation, Petitioner alleges appellate counsel failed to challenge the trial court's supposedly improper denial of his motion to dismiss trial counsel and represent himself. A defendant does have a right to self-representation under the Sixth Amendment. *United States v. Jones*, 421 F.3d 359, 363 (5th Cir. 2005). However, this right must be exercised "intelligently, knowingly, and voluntarily." *See Faretta v. California*, 422 U.S. 806, (1975). Further, this right cannot be exercised so as to "delay the orderly procedure of the courts or to interfere with the fair administration of justice." *Thomas v. State*, 550 S.W.2d 64, 68 (Tex. Crim. App. 1977). The morning of his trial, Pool asked for the court to dismiss his current counsel and to appoint new counsel. Trans. pp. 4-5. Only when the court refused to appoint new counsel did Pool ask for the right to represent himself. Trans. pp. 10-12. As both requests were last minute, granting either one would have caused a "delay the orderly procedure of the courts [and] interfere[d] with the fair administration of justice." *See Thomas*, 550 S.W.2d at 68. Additionally, Pool's request to represent himself was not intelligent, knowing, or voluntary as it was conditioned on the fact that the court refused to dismiss his current trial counsel and appoint new counsel. The trial court did not err in refusing to appoint new counsel for Pool or for refusing to allow Pool to represent himself.

Pool has failed to show that his appellate counsel was ineffective. As a result, habeas relief cannot be granted on Pool's second ground for relief.

### 3. Denial of Fair Trial

In his last ground for relief, Pool claims that he was denied his right to a fair and impartial trial. Petitioner's br. at 8. Pool claims that the judge and the prosecution were biased

against him because he had refused to testify in an unrelated case some years earlier. Petitioner's att. at 5. What Pool fails to mention is that a conviction was obtained in the unrelated case, even without his testimony. Respondent's brief at 19.

The due process clause of the Fourteenth Amendment guarantees a defendant the right to a fair and impartial trial. *See Bigby v. Dretke*, 402 F.3d 551 (5th Cir. 2005). This right to a fair and impartial trial includes the right to a fair tribunal and an unbiased judge. *Id.* at 558. The presumption is that public officials have discharged their duties and obligations, so "bias by an adjudicator is not lightly established." *Id.*

> Decision makers are constitutionally unacceptable when: (1) the decision maker has a direct personal, substantial, and pecuniary interest in the outcome of the case, (2) an adjudicator has been the target of personal abuse or criticism from the party before him, and (3) a judicial or quasi judicial decision maker has the dual role of investigating and adjudicating disputes and complaints. *Id.*

Pool's claims of bias by the judge are not specific and Pool has not shown that the judge met all three of the above criteria that would have made him unfit to preside over Pool's case.

Pool also alleges that the judge should have recused himself. Petitioner's att. at 5. 28 U.S.C. § 455(a) and (b) provides that "a judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned... [or] where he has a personal bias or prejudice concerning a party." The test is then "whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality." *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995). Failure to recuse is reviewed for abuse of discretion. *Id.* In *Jordan*, the court held that a reasonable person would doubt the judge's impartiality given her close personal relationship with one of the attorneys and her husband's personal and professional relationship with the same attorney. As a result of these relationships,

the court found that the judge had abused her discretion in failing to recuse herself.  In this case, there is no evidence that the judge had anything beyond an above-reproach professional relationship with the prosecutor or that there is any other reason to believe that the judge's impartiality should be questioned.

The right to an impartial trial also includes the right to have a trial free from any prosecutorial misconduct.  *United States v. Fields*, 483 F.3d 313 (5th Cir. 2007).  For prosecutorial misconduct to be established, there must have been: (1) an improper remark from a prosecutor, and (2) prejudice caused by the remark that substantially affected the defendant's right to a fair trial.  *Id.* at 358.  Then it must be determined if the prosecutor's remarks "cast serious doubt on the correctness of the jury's verdict." *Id.* at 358.  To determine if such doubt has been cast, the following needs to be examined:  "(1) the magnitude of the prejudicial effect of the prosecutor's remarks, (2) the efficacy of any cautionary instruction by the judge, and (3) the strength of the evidence supporting the conviction." *Id.* at 358.  Pool has not alleged that any remarks were made by the prosecution that were improper and unduly prejudicial to his defense.

Pool's third ground for habeas relief also fails.

**Conclusion**

Upon review of the papers, pleadings and records in this case, the Court finds that Petitioner has failed to establish that the state court's adjudication of his grounds for relief resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  *See* 28 U.S.C. § 2254(d).  Petitioner has further failed to demonstrate that the state court's decision was based upon an unreasonable determination of the facts in light of the evidence presented in the state

court proceedings. *See Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000).

For the foregoing reasons, the petition for writ of habeas corpus is DENIED.

Copies of this order shall be transmitted to Petitioner and to Counsel for Respondent.

SO ORDERED this 30th day of June, 2010.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**